IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC J. D'ERCOLE, | ) | 8:14CV291 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HARRAHS HOTEL RESORT, | ) | |
| DOUG SEXTON, DCI IRGC, | ) | |
| BRIAN EYBERG, OMAHA | ) | |
| POLICE DEPARTMENT, | ) | |
| DOUGLAS COUNTY | ) | |
| CORRECTIONS DEPARTMENT, | ) | |
| and LAURA PETERSEN, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Eric D'Ercole ("Plaintiff") filed his Complaint (Filing No. 1) on September 25, 2014. This court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sued Harrah's Hotel in Council Bluffs, Iowa, the Omaha Police Department, the Douglas County Corrections Department, and three individuals who are never mentioned in the Complaint. His allegations are rambling and difficult to decipher. As best as the undersigned judge can tell, he alleged he contracted food poisoning after eating undercooked chicken at Harrah's Hotel. He complained to the hotel. Thereafter, he "was persecuted as a criminal on court docket proceedings" and sodomized by a female police officer named Janig. (Filing No. 1 at CM/ECF p. 3.)

Plaintiff alleged his claims arise under the Constitution, laws or treaties of the United States and that his civil rights have been violated. (*Id.* at CM/ECF p. 4.) For relief, he asks for the court to "quash all charges against [him]" because they are predicated upon a "false arrest." He also asks the court to award him monetary damages. (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state

2

law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Plaintiff's Complaint fails to state a claim upon which relief can be granted against any of the named Defendants. Plaintiff alleged he suffered a "false arrest" but provided no factual allegations to support such a claim. In addition, it is entirely unclear to the undersigned judge what relationship Plaintiff's allegations concerning food poisoning have to his false arrest claim or to his allegation that he was sodomized by a police officer.

On the court's own motion, Plaintiff will be provided with an opportunity to file an amended complaint. Plaintiff should keep the following discussion in mind when drafting his amended complaint.

#### A. Rules of Pleading

Plaintiff named six individuals as Defendants and has asked for leave to add numerous others. Most of these individuals are never mentioned within Plaintiff's factual allegations.

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

Here, Plaintiff's allegations do not give Defendants fair notice of the claims against them. In order to ensure a just and fair resolution of this matter, Plaintiff

should be mindful to explain in his amended complaint what *each* defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

### B. Rules of Joinder

Federal Rule of Civil Procedure 20 states that multiple defendants may be joined in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*." Fed. R. Civ. P. 20(a)(2)(A) (emphasis added). In addition, there must be a "question of law or fact common to all defendants" in the action. Fed. R. Civ. P. 20(a)(2)(B). Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is for the court to "drop a party" or "sever any claim against the party." Fed. R. Civ. P. 21. The court may do so "[o]n motion or on its own." *Id.*

Here, allowing this case to proceed against all named Defendants and proposed Defendants—many of which appear to be sued based on unrelated events—would create a case management problem and unduly prejudice Defendants. Thus, Plaintiff will be required to file an amended complaint that sets forth only related claims that stem from the same basic event or occurrence.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint. As set forth above, Plaintiff's amended complaint must:

   a. explain what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him; and

      b.    sets forth only related claims that stem from the same basic event or occurrence.

2.    The clerk's office is directed to set a pro se case management deadline in this case using the following text: January 16, 2015: Check for amended complaint.

DATED this 15th day of December, 2014.

                              BY THE COURT:

                              *Richard G. Kopf*
                              Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.